**In re Iris Antoinette BONNER, Debtor.**

**Bankruptcy No. 96–34207.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Jan. 10, 1997.

Archie C. Berkeley, Jr., Berkeley & De-Gaetani, Richmond, Virginia, for Petersburg City Employees Federal Credit Union.

John H. Maclin, IV, Petersburg, Virginia, for the Debtor.

David K. Spiro, Cantor, Arkema & Edwards, Richmond, Virginia, for Quality Lincoln–Mercury–Subaru.

Robert E. Hyman, Trustee, Richmond, Virginia.

## MEMORANDUM OPINION AND ORDER

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

On December 11, 1996, the court held a hearing on an objection to a claimed exemption and an objection to confirmation filed by Petersburg City Employees Federal Credit Union. The court then took the matter under advisement. For the reasons set forth below, the court will overrule the objection to confirmation but will sustain the objection to the claimed exemption.

### Findings of Fact

On March 18, 1996, the debtor borrowed $8,075.00 from PCEFCU in order to purchase a 1993 Subaru Imprezia. As consideration for the loan, the debtor executed a promissory note and a security agreement granting PCEFCU a lien on the vehicle. For reasons which remain unclear, neither the dealer who sold the Subaru nor PCEFCU recorded the lien on the certificate of title.

On August 5, 1996, the debtor filed a petition under Chapter 13 of the Bankruptcy Code. On August 12, she proposed a 36–month plan under which she would pay unsecured creditors a dividend of at least 20% on all allowed claims. On August 26, PCEFCU filed a proof of claim in the debtor's case listing the $9,575.21 balance on the note as being secured by the Subaru.

The debtor, however, not only had listed the PCEFCU debt in her schedules as an unsecured, non-priority claim but had treated it as such under her plan. Moreover, the debtor had claimed a $2,000.00 "poor debtor's exemption" in the vehicle under Va.Code Ann. § 34–26(8) (Michie 1996).[1] Concerned with its status under the plan and the extent of the claimed exemption, PCEFCU filed its objections with this court.

### Discussion and Conclusions of Law

■ PCEFCU maintains that its purchase money security interest, though not perfected as to third parties, can be enforced in this Chapter 13 case notwithstanding 11 U.S.C. § 544(a).[2] That the avoidance powers of § 544 extend to trustees in Chapter 13, however, has become well settled. *See Lucero v. Green Tree Fin. Serv. Corp. (In re Lucero),* 199 B.R. 742, 744–45 (Bankr.D.N.M.1996), *rev'd on other grounds,* 203 B.R. 322 (10th Cir. BAP 1996). In fact, at least one court in this district has held that a Chapter 13 debtor shares the trustee's status as a hypothetical lien creditor under § 544. *See Freeman v. Eli Lilly Fed. Credit Union (In re Freeman),* 72 B.R. 850, 854–55 (Bankr.E.D.Va. 1987).

Since either the trustee or the debtor is deemed to have exercised the hypothetical lien creditor's rights at the time of filing, *National Peregrine, Inc. v. Capitol Fed. Sav. and Loan Assoc. of Denver (In re Peregrine Entertainment, Ltd.),* 116 B.R. 194, 207 n. 19 (C.D.Cal.1990), the transfer of the security interest by the debtor to PCEFCU has been nullified, *Bell v. Transouth Fin. (In re Bell),* 194 B.R. 192, 197 (Bankr.S.D.Ill.1996). The claim filed by PCEFCU is therefore unsecured, and the debtor has properly provided for it under the plan.

---

1. Pursuant to Va.Code Ann. § 34–26(8), a debtor may exempt a "motor vehicle, not held as exempt under subdivision (7), owned by the householder, not to exceed $2,000.00 in value, except that a perfected security interest on the motor vehicle shall have priority over the claim of exemption under this subsection...."

2. 11 U.S.C. § 544(a) states:

   The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
   (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simply contract could have obtained such a judicial lien, whether or not such creditor exists....

The debtor, however, does not fare as well against PCEFCU's objection to the $2,000.00 exemption. Pursuant to Va.Code Ann. § 34–5 (Michie 1996), the "poor debtor's exemption" cannot be claimed against a debt for "the purchase price of such property or any part thereof." *See In re Johnson,* 179 B.R. 800 (Bankr.E.D.Va.1995). Unlike the exception included in Va.Code Ann. § 34–26(8), which provides only a valid purchase money security interest with priority over the exemption, the restriction in Va.Code Ann. § 34–5 is not conditioned on the creditor possessing an enforceable lien. PCEFCU's failure to perfect its security interest simply has no bearing. With the debtor having proffered no other cause to dismiss PCEFCU's objection to the exemption, the court shall sustain it.[3]

IT IS THEREFORE ORDERED that PCEFCU's objection to confirmation is overruled, and

IT IS FURTHER ORDERED that PCEFCU's objection to the claimed exemption is sustained.

---

3. This, however, may well be an empty victory. If the debtor goes on to complete her Chapter 13 plan, the debt to PCEFCU will be discharged. In such an instance, the denial of the exemption will be of no consequence.