In re Bret **ROBERTSON,** Sr., Carol M. **Robertson,** Debtors.

**GAF Linden Employees Federal Credit Union,** Plaintiff,

v.

**Bret Robertson, Sr., Carol M. Robertson,** Defendants.

**Bankruptcy No. 97–1–0074–DK. Adversary No. 98–1–A198–DK.**

United States Bankruptcy Court, D. Maryland, at Greenbelt.

April 28, 1999.

Robert J. Brilliant, Annapolis, MD, for GAF Linden Employees Federal Credit Union.

Kimberly D. Marshall, Waldorf, MD, for the defendants.

## *MEMORANDUM OPINION*

DUNCAN W. KEIR, Bankruptcy Judge.

In this adversary proceeding, Creditor GAF Linden Employees Federal Credit Union ("GAF") seeks a determination of the extent and priority of the lien which it alleges to hold upon a 1993 Ford Ranger XLT truck. The relevant facts are not in dispute. GAF asserts a secured claim in this case based upon a note executed by the Debtors. To secure the note obligation, the Debtors granted a security interest in the truck. However, GAF failed to comply with the lien perfection requirements for titled motor vehicles set forth in the Maryland Motor Vehicle Law.[1] It is undisputed that the truck was a titled vehicle subject to the Maryland Motor Vehicle Law at all times relevant to the issues in this adversary proceeding. Debtors assert that GAF holds only an unsecured claim in this case. The parties have filed cross-motions for summary judgment.

Federal Rule of Bankruptcy Procedure 7056 makes Federal Rule of Civil Procedure 56 applicable to adversary proceedings in bankruptcy cases. Under Rule 56 summary judgment is appropriate only if the moving party is entitled to judgment as a matter of law and there is no genuine issue of material fact. *Lujan v. National Wildlife Federation,* 497 U.S. 871, 883–84, 110 S.Ct. 3177, 3186, 111 L.Ed.2d 695 (1990); *Sylvia Dev. Corp. v. Calvert County, Maryland,* 48 F.3d 810, 817 (4th Cir. 1995). The court must view all permissible inferences in a light most favorable to the non-moving party in deciding a summary judgment motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.;* 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Tuck v. Henkel Corp.,* 973 F.2d 371, 374 (4th Cir.1992). If, taking the record as a whole, a reasonable jury could not possibly return a verdict in favor of the non-moving party then summary judgment is appropriate. *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356; *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

The legal requirements of a lien, the priority of a lien, and the extent of property interests encumbered by a lien, are determined by state law. *See Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979) ("Property interests are created and defined by state law."); *Trust Corp. of Montana v. Patterson (In re Copper King Inn, Inc.),* 918 F.2d 1404, 1407 (9th. Cir.1990) ("State law controls the validity and effect of liens in the bankruptcy context."); *Paramount Int'l, Inc. v. First Midwest Bank (In re Paramount Int'l Inc.),* 154 B.R. 712, 714 (Bankr.N.D.Ill.1993) ("Bankruptcy courts normally look to state law to determine interests in property and the perfection of liens therein.") (citing *Butner, supra* ). Generally, consensual liens upon goods are governed by the Uniform Commercial Code as enacted in the various states.[2]

The UCC governs both the creation of a security interest and the requirements for

---

**1.** Md.Code Ann., Transp. II § 11–101 *et seq.* (1997).

**2.** The Uniform Commercial Code is codified in Maryland in Titles 1 through 9 of the Commercial Law Article (Vol. I) of the Maryland Annotated Code. Citations to this statute are hereinafter referred to as "UCC".

perfection of the security interest in "goods,"[3] unless expressly set forth to the contrary.[4] Certain types of goods are excepted from the requirements of the UCC for purposes of consensual liens.[5]

■ As to certain other types of goods, the UCC governs the creation of a security interest but leaves to other bodies of law the perfection of such a security interest. Perfection of a security interest in goods which are subject to another statute of Maryland, providing for a central filing of, or requiring indication on a certificate of title of such interest are perfected in accordance with the non-UCC statute, unless the goods are held in inventory for sale by a person in the business of selling goods of that kind. MD.CODE ANN., COM.LAW I § 9–302(3)(b) (1997). Titled motor vehicles are subject to the lien perfection requirements set forth in Section 13–202 of the Transportation Article of the Annotated Code of Maryland.[6] This non-UCC statute governs the perfection of security interests in titled motor vehicles, unless the vehicles are in the inventory of a vehicle dealer.

■ In this case, the security agreement between GAF and the Debtors effectuated the creation of a security interest in the vehicle pursuant to UCC Section 9–201. However, GAF's failure to obtain registration of its lien pursuant to Section 13–202 of the Transportation Article of the Annotated Code of Maryland, resulted in the security interest being unperfected on the date of the filing of the petition in bankruptcy.

Courts have differed as to the status of an unperfected security interest held by a creditor of a debtor in a bankruptcy case. Some courts have held that an unperfected security interest, which is not avoided by an action brought by the trustee in the bankruptcy case, is effective and results in the creditor holding a secured claim in Chapter 7 bankruptcy cases. *See In re Chase,* 37 B.R. 345 (Bankr.D.Vt.1983); *Evingham v. Trucking Affiliates of Central New York Credit Union (In re Evingham),* 27 B.R. 128 (Bankr.W.D.N.Y.1983). In the case of *In re Ragan,* 140 B.R. 283 (Bankr.D.Kan.1992), the court found that an unperfected security interest was valid as between creditor and debtors in a Chapter 13 case, but further determined that the secured creditor was not entitled to adequate protection, giving preclusive effect to a confirmation of debtors' Chapter 13 plan.

Some courts have permitted the debtor to exercise the power of a trustee to avoid an unperfected security interest, pursuant to 11 U.S.C. § 544(a). In *Freeman v. Eli*

---

3. Section 9–105(h) of the UCC states:
   "Goods" includes all things which are movable at the time the security interest attaches or which are fixtures (§ 9–313), but does not include money, documents, instruments, investment property, commodity contracts, accounts, chattel paper, general intangibles or minerals or the like (including oil and gas) before extraction. "Goods" also includes standing timber which is to be cut and removed under a conveyance or contract for sale, the unborn young of animals and growing crops.

4. MD.CODE ANN., COMM.LAW I § 9–102.

5. MD.CODE ANN., COMM.LAW I § 9–104.

6. MD.CODE ANN., TRANSP. II § 13–202 states in pertinent part:
   (a) Unless excepted by § 13–201 of this subtitle, a security interest in a vehicle is not valid against any creditor of the owner or any subsequent transferee or secured party unless the security interest is perfected as provided in this subtitle.
   (b)(1) A security interest is perfected by:
   (i) Delivery to the Administration of every existing certificate of title of the vehicle and an application for certificate of title on the form and containing the information about the security interest that the Administration requires; and
   (ii) Payment of a filing fee established by the Administration, which is in addition to any other fees that apply under the Maryland Vehicle Law.
   (2) The security interest is perfected at the time of its creation, if the delivery and payment to the Administration are completed within 10 days of the date of its creation. Otherwise, the security interest is perfected at the time of the delivery and payment.

*Lily Fed. Credit Union (In re Freeman)*, 72 B.R. 850 (Bankr.E.D.Va.1987), the debtors filed a complaint seeking a declaration that the creditor was an unsecured creditor in that Chapter 13 case, by virtue of the fact that the creditor held only an unperfected security interest in a motor vehicle. The court interpreted the action as an adversary proceeding seeking to avoid the unperfected security interest pursuant to 11 U.S.C. § 544(a). It appears that the court initially determined, albeit *sub silentio*, that the unperfected security interest created an enforceable secured claim in the Chapter 13 case. However, the court permitted the debtors in the Chapter 13 case to exercise the rights of the trustee to bring the avoidance action finding that, "it is only logical that they should be extended the powers possessed by the trustee which work toward enhancing their own bankruptcy estate." *Id.* at 854. *See also In re Towery*, 53 B.R. 76 (Bankr.W.D.Ky.1985); *In re Hall*, 26 B.R. 10 (Bankr.M.D.Fla.1982). The courts in *Chase, supra, Ragan, supra,* and *Evingham, supra,* held to the contrary, that a debtor does not have standing to employ the trustee's avoidance powers.[7]

Other courts have determined the unperfected security interest to be simply invalid or deemed avoided in a Chapter 13 case. In the case of *In re Bobroff*, 32 B.R. 933 (Bankr.E.D.Pa.1983), it was the debtor who urged that the court count the unperfected security interest as a secured claim. If the claim was counted as unsecured, the debtor was ineligible to be a debtor under Chapter 13 because of the amount of unsecured debt at the time of the petition. The court found that an unperfected security interest created an unsecured debt for purposes of 11 U.S.C. § 109(e).

More recently, in the case of *In re Bonner*, 206 B.R. 387, 388 (Bankr.E.D.Va. 1997), the court opined that in a Chapter 13 case, the trustee or the debtor was "deemed to have exercised the hypothetical lien creditor's rights at the time of filing" and accordingly the transfer of the unperfected security interest was nullified and the claim of the credit union was unsecured. The court in *Bonner* did not explain its reasoning for deeming that there had been an avoidance by exercise of the hypothetical lien creditor's rights.

■ Section 9–301 of the UCC provides that an unperfected security interest is "subordinate to the rights of . . . a person who becomes a lien creditor before the security interest is perfected." MD.CODE ANN., COM.LAW I § 9–301(1)(b) (1997). A lien creditor is defined as:

> [A] creditor who has acquired a lien on the property involved by attachment, levy or the like and includes an assignee for the benefit of creditors from the time of assignment, and a trustee in bankruptcy from the date of the filing of a petition or a receiver in equity from the time of appointment.

MD.CODE ANN., COM.LAW I § 9–301(3) (1997).

The first part of the definition of "lien creditor" contained in UCC Section 9–301(3) describes the judicial lien creditor. The trustee in bankruptcy may avoid an unperfected security interest pursuant to 11 U.S.C. § 544(a) by, in effect, standing in the shoes of the hypothetical judicial lien creditor. However, Section 9–301 of the UCC goes farther than the familiar principle just stated. The definition of "lien creditor" as used in Section 9–301(1)(b) includes specifically a trustee in bankruptcy. MD.CODE ANN., COM.LAW I § 9–301(3). Thus, as to the trustee in bankruptcy, the UCC makes the lien rights of the holder of an unperfected security interest subordinate to the rights of a trustee in bankruptcy, without any requirement to avoid the lien under the Bankruptcy Code.

---

7. This court has also held in *Barclays American/Mortgage Co. v. Wilkinson (In re Wilkinson)*, 186 B.R. 186 (Bankr.D.Md.1995), that the Chapter 13 debtors therein lacked standing to avoid a lien under 11 U.S.C. § 544. *See also In re Reese*, 194 B.R. 782 (Bankr. D.Md.1996).

In Chapter 7, the trustee, whose duty it is to liquidate assets for the benefit of the estate,[8] can dispose of the asset and treat the proceeds consistent with the priorities established by state law vis-a-vis the unperfected security interest. A party holding a subordinate interest is paid subsequent to the party to whom the interest is subordinated. Thus, without exercising any avoidance action, the Chapter 7 trustee may sell the asset and first disburse the proceeds to the benefit of the estate, paying all allowed claims and disbursements in accordance with 11 U.S.C. § 726. If the holder of the unperfected security interest has filed a proof of claim which is allowed in the bankruptcy case, the claim will be treated as unsecured. The unperfected lien interest is subordinate to the rights of the estate in the collateral proceeds but the unsecured claim right is not subordinated.

■ If the disposition of the asset (and liquidation of other assets of the estate) is sufficient to fully pay all claims upon distribution by the trustee under 11 U.S.C. § 726, and the claim of the unperfected security interest holder has been allowed as unsecured and has been paid in full with other claims, the lien is terminated by reason of satisfaction of the underlying indebtedness. If there is such a surplus but the creditor did not file a proof of claim or otherwise is not allowed an unsecured claim, the surplus proceeds of the collateral would go to the creditor on account of its subordinated unperfected security interest, to the extent of the unpaid balance of the secured debt. The unperfected security interest is subordinated to the trustee in bankruptcy (that is to the estate in bankruptcy administered by the trustee), but not to the non-bankruptcy estate interests of the debtor. As between the debtor's individual non-estate interests and the secured party, the unperfected security interest is valid as between debtor and creditor. *See* MD.CODE ANN., COM.LAW I § 9–201 (1997).

■ In a Chapter 13 case, the same rights are afforded to the bankruptcy estate. That is, under Section 9–301(3) of the UCC, the lien of the unperfected security interest holder is subordinate to the rights of the bankruptcy estate in the collateral property. The claim is allowed solely as an unsecured claim for purposes of treatment in the Chapter 13 case. To reach a contrary result in a Chapter 13 case would be to read the words "trustee in bankruptcy," as used in Section 9–301(3) of the UCC, too restrictively.

The entity holding rights in the property is the estate in bankruptcy created when the petition in bankruptcy is filed. 11 U.S.C. § 541(a). The trustee is the person charged with the duties of administering the property of the estate. 11 U.S.C. § 704; 11 U.S.C. § 1302(b). In a case under Chapter 11, unless a trustee is appointed by the court, the debtor-in-possession has, with limited exception, the rights and duties of the trustee. 11 U.S.C. § 1107. The subordination of the interest of the unperfected security interest holder is to the bankruptcy estate's interest in the property, without regard to the chapter under which the case is pending.

Furthermore, to hold otherwise would result in a requirement upon the debtor that is clearly contrary to the intent of Sections 1322 and 1325 of the Bankruptcy Code. In order to be confirmable, a plan must deliver value as of the effective date of the plan, to be distributed on account of allowed unsecured claims, in an amount not less than would be paid on such claims in a liquidation under Chapter 7. 11 U.S.C. § 1325(a)(4). As to allowed secured claims, unless the holder of such claim agrees to a lesser treatment, the plan must provide that the lien be retained and that the value, as of the effective date of the plan, distributed on account of such secured claim, be not less than the allowed amount of the secured claim. 11 U.S.C. § 1325(a)(5).

---

8. 11 U.S.C. § 704(1).

If the unperfected security interest were treated as a secured claim in Chapter 13, the plan would have to provide that the debtor pay through the plan to the holder of the unperfected security interest claim, the value of the collateral or the amount of the indebtedness, whichever was less.[9] However, in addition, the plan would have to provide that the value of the collateral be included in the amount calculated to be paid to unsecured creditors under the plan, because (for the reasons stated above), the value of the collateral would be distributed to unsecured claims in a Chapter 7. Thus, the debtor would be required to pay into the plan for distribution twice the value of collateral in which the claimant held only an unperfected security interest. This is contrary to the purpose and provisions of Chapter 13 of the Bankruptcy Code.

■ Although the claim of the unperfected secured creditor is allowed as an unsecured claim against the estate in bankruptcy, the debtor may not exempt the collateral from the estate, free of the effect of the unperfected lien. Section 522(c)(2) of the Bankruptcy Code provides that property exempted remains liable for debts secured by liens which are not avoided under the avoidance provisions of the Bankruptcy Code. Although 11 U.S.C. § 522(h) provides that the debtor may exercise the trustee's power to avoid a transfer of property that the debtor could exempt under 11 U.S.C. § 522(g)(1), the debtor may not avoid a voluntary transfer, including the consensual grant of a security interest (perfected or unperfected). 11 U.S.C. § 522(g)(1). Thus, the debtor in either Chapter 7 or Chapter 13 cannot avoid the consensual unperfected security interest for purposes of exercising an exemption free of the lien formed by the security interest. This restriction insures that the subordination provisions of Section 9–301 of the UCC enure to the benefit of the bankruptcy estate and that the effect of the lien remains valid as between the creditor and the debtor's non-bankruptcy estate interests in the property.

■ At the conclusion of the Chapter 13 case, where the debtor has paid the value of the property into the plan for distribution, the lien arising from the unperfected security interest is void pursuant to 11 U.S.C. § 506(d).[10] The claim of the creditor having been allowed against the estate solely as an unsecured claim, the lien that secures the claim which was not an allowed secured claim is void. However, unless otherwise ordered by the court for cause, should the Chapter 13 case be dismissed, the unperfected security interest is reinstated upon the property pursuant to 11 U.S.C. § 349(b)(1)(C). This prevents a debtor from beginning a Chapter 13 case, not delivering the value of the collateral to the estate, but retaining the collateral upon dismissal of the case for the individual benefit of the debtor without recognition of the lien rights which are valid as between debtor and creditor.

The end result of the interplay between the UCC and the Bankruptcy Code is that the value of the collateral must be delivered by the Chapter 13 debtor to the estate, as opposed to the unperfected secured creditor. If the value is delivered by the performance under a plan and the successful completion of the case, the debtor retains the collateral thereafter free of the lien. However, if the debtor retains the collateral without paying the value to the estate (dismissal of the case or exer-

9. 11 U.S.C. § 506(a) provides that an allowed claim secured by a lien on property is a secured claim only to the extent of the value of the collateral.

10. 11 U.S.C. § 506(d) provides:
    To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—

(1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

cise of an exemption right), the lien remains valid as between debtor and creditor.[11]

Applying the law to the facts of the instant Chapter 13 case, the court grants summary judgment to the Debtors, holding that the claim of GAF is unsecured in this bankruptcy case and that the plan treating GAF"s claim as unsecured, which has been confirmed in this case, is not required to be modified to recognize the claim as secured. The plan may be required to be modified, if the amount to be distributed thereunder to unsecured creditors is less than would be distributed in a hypothetical Chapter 7 including the value of the vehicle.

An Order shall be entered in conformity with this Opinion.

---

11. Although the trustee may bring an avoidance action under 11 U.S.C. § 544(a), it would appear such an avoidance would create no additional benefit to the estate nor burden upon the creditor than the effect of the statutory interpretation set forth in this Opinion. Upon avoidance, the estate would receive the benefit of the avoided unperfected security interest, i.e., stand in the shoes of the creditor holding such an interest (11 U.S.C. § 551), but the unperfected security interest held by the estate would still be subordinate to the estate's interests in the collateral pursuant to Section 9–301 of the UCC. If the case were dismissed, the avoided unperfected security interest is restored to the creditor, unless ordered otherwise for cause. 11 U.S.C. § 349(b)(1)(B).