In re Robert Lee SMOOT, Debtor.

Robert Lee Smoot, Plaintiff,

v.

Swann Hill Condominium Unit Owners Association, Inc., Thomas L. Lackey, Trustee, Defendants.

Bankruptcy No. 98–2–5584–PM.
Adversary No. 99–1–AP043–PM.

United States Bankruptcy Court,
D. Maryland,
at Greenbelt.

July 30, 1999.

Javier M. Arroyo, Rockville, MD, for debtor.

Tamara S. Stoner, for Swann Hill Condominium Unit Owners Association, Inc.

## MEMORANDUM OF DECISION

PAUL MANNES, Chief Judge.

Three interrelated matters are before the court: (1) debtor's objection to the secured status of a proof of claim filed January 20, 1999, on behalf of Swann Hill Condominium Unit Owners Association, Inc. ("Swann Hill"), wherein Swann Hill asserted that it was the holder of a secured claim in the amount of $4,051.97; (2) Swann Hill's objection to the debtor's second amended claim of exemptions whereby debtor sought to exempt $2,500.00 of $3,000.00 in wages garnished during a ninety-day period immediately preceding the filing of his bankruptcy case under Chapter 13; and (3) Swann Hill's motion to dismiss an adversary proceeding filed by debtor to avoid and recover preferential transfers. After Swann Hill's amendment of the proof of claim from the status of a secured claim to that of an unsecured claim without priority, the first issue became moot.

The material facts are undisputed. Swann Hill is a condominium association located in Prince George's County, Maryland. Debtor purchased a unit in the association in December, 1996. As a unit holder he became obligated to pay the association his share of the common expenses and assessments incurred by the condominium association under the Maryland Condominium Act, MD CODE ANN., REAL PROP. § 11–110 (1996 repl.vol.). Because the debtor failed to make the required condominium fee payments, Swann Hill filed a suit in the District Court for Prince George's County, Maryland, and obtained a judgment on June 16, 1997. Thereafter, that lien was recorded among the Land Records of Prince George's County, Maryland, on August 16, 1997. The amount of the judgment was $4,763.59 with costs of $40.00, attorney's fees of $714.54, and prejudgment interest of $332.30 plus postjudgment interest at the legal rate. The judgment, as recorded, constituted a lien upon debtor's property. *See* MD CODE ANN., CTS. & JUD. PROC. § 11–402 (1998 repl.vol.).

Thereafter, in April, 1998, Swann Hill filed a wage garnishment against debtor's employer, the Animal & Plant Health Inspection Services. Debtor's employer's answer to the garnishment advised that twenty-five percent (25%) of debtor's wages, or $376.76, was to be withheld commencing with the August 13, 1998, pay period. During the operation of the wage garnishment, Swann Hill received a total of eight checks, each in the amount of $376.76. The first check was issued on August 14, 1998, and the last check was issued on November 24, 1998, the day preceding the filing of debtor's bankruptcy case under Chapter 13.

It is beyond dispute that the Chapter 13 Trustee could avoid and recover the sums transferred to this judgment-creditor by virtue of wage attachments that took place within the ninety days before the petition date. *See* 11 U.S.C. § 547(b) (1998). But the Trustee has not acted to recover the preference for the benefit of the bankruptcy estate. Consequently, the debtor seeks to avoid such transfers under §§ 522(g) and (h) of the Bankruptcy Code. *See* 11 U.S.C. §§ 522(g), (h) (1998). The questions presented for determination are two. First, in the absence of action by the Trustee, does the debtor have standing to avoid the transfers made to Swann Hill in the ninety-day period prior to the filing of his bankruptcy case under Chapter 13? Second, may a Maryland debtor avoid a

preferential transfer accomplished by a wage garnishment?

This court finds that the avoidance powers of a Chapter 13 debtor are limited to those set out in § 522(h) of the Code—that is, to recover potentially exempt property if the trustee fails to act. However, the court also finds that while the law of Maryland does not allow a debtor to claim as exempt that portion of garnished wages paid over to a creditor, a debtor may also avail himself of Maryland's so-called "cafeteria" exemption to enable himself to stack exemptions. *See In re Smith*, 23 B.R. 708, 710 (Bkrtcy.D.Md.1982). This is in accord with the expressed Congressional policy of allowing the debtor to emerge from bankruptcy "with adequate possessions to begin his fresh start." H.R.Rep. No. 595, 95th Cong., 1st Sess. 126 (1977). *Accord In re Barker*, 768 F.2d 191, 196 (C.A.7 1985)("[E]xemption statutes should be liberally construed in order to carry out the [Illinois'] legislature's purpose in enacting them—to protect debtors."); *In re Butcher*, 189 B.R. 357, 372–73 (Bkrtcy.D.Md. 1995), *aff'd* 125 F.3d 238 (C.A.4 1997) (discussing the federal interest in providing debtors with a fresh start).

Here what is being claimed as exempt by the Debtor is not the nonexempt portion of the wage attachment, but the preference proceeds recoverable by the Trustee that the Debtor could have claimed as exempt had the preferential transfer not occurred. The Bankruptcy Code allows the Debtor to seek these funds directly, because the Trustee has no interest in recovering preferential transfers that may then be claimed as exempt by Debtor. *See* 1 Keith M. Lundin, *Chapter 13 Bankruptcy* § 3.71 (2d ed.1994).

The following sections of the Bankruptcy Code are relevant:

### § 522. Exemptions

(g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and

(B) the debtor did not conceal such property; or

(2) the debtor could have avoided such transfer under subsection (f)(2) of this section.

(h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—

(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and

(2) the trustee does not attempt to avoid such transfer.

11 U.S.C. §§ 522(g), (h).

### § 547. Preferences

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

## § 550. Liability of transferee of avoided transfer.

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) any immediate or mediate transferee of such initial transferee.

11 U.S.C. § 550(a) (1998).

Additionally, the following provisions of Maryland law are applicable:

## § 15–601.1. Exemption from attachment.

(b) *Amounts of wages exempt; medical insurance payments.*—The following are exempt from attachment:

(1) Except as provided in item (2) of this subsection, the greater of:

(i) The product of $145 multiplied by the number of weeks in which the wages due were earned; or

(ii) 75 percent of the disposable wages due.

MD CODE ANN., COM. LAW II § 15–601.1(b)(1) (1990 repl.vol.).

## § 11–504. Exemptions from execution.

(b) *In general.*—The following items are exempt from execution on a judgment:

(1) Wearing apparel, books, tools, instruments, or appliances, in an amount not to exceed $2,500 in value necessary for the practice of any trade or profession except those kept for sale, lease or barter.

(2) Money payable in the event of sickness, accident, injury, or death of any person, including compensation for loss of future earnings. This exemption includes but is not limited to money payable on account of judgments, arbitrations, compromises, insurance, benefits, compensation, and relief. Disability income benefits are not exempt if the judgment is for necessities contracted for after the disability is incurred.

(3) Professionally prescribed health aids for the debtor or any dependent of the debtor.

(4) The debtor's interest, not to exceed $500 in value, in household furnishings, household goods, wearing apparel, appliances, books, animals kept as pets, and other items that are held primarily for the personal, family, or household use of the debtor or any dependent of the debtor.

(5) Cash or property of any kind equivalent in value to $3,000 is exempt, if within 30 days from the date of the attachment or the levy by the sheriff, the debtor elects to exempt cash or selected items of property in an amount not to exceed a cumulative value of $3,000.

\*　　\*　　\*　　\*　　\*　　\*

(e) *Wage attachments.*—The exemptions in this section do not apply to wage attachments.

(f) *Interest in real or personal property.*—In addition to the exemptions provided in subsection (b) of this section, and in other statutes of this State, in any proceeding under Title 11 of the United States Code, entitled "Bankruptcy," any individual debtor domiciled in

this State may exempt the debtor's aggregate interest, not to exceed $2,500 in value, in real property or personal property.

(g) *Federal bankruptcy exemptions.*—In any bankruptcy proceeding, a debtor is not entitled to the federal exemptions provided by § 522(d) of the United States Bankruptcy Code.

MD CODE ANN., CTS. & JUD. PROC. § 11–504(b), (e), (f), (g) (1998 repl.vol.).

■ A Chapter 13 debtor's ability to exercise avoidance powers is limited. In the case of *In re Colandrea,* 17 B.R. 568 (Bkrtcy.D.Md.1982), Judge Lebowitz of this court dealt with an attempt by a debtor to exercise alleged extra-statutory power to file an action to recover a preference. His opinion pointed out:

> Carmen's position that as a Chapter 13 Debtor she may obtain relief under § 547 is without merit. Section 547 is by its express terms a power granted to a "Trustee." Congress chose to vest exclusively in the Chapter 13 Debtor certain powers of a Trustee under § 363. 11 U.S.C. § 1303 (Supp. IV 1980). No other provision of Chapter 13 either expressly or impliedly vests powers of a trustee in the Debtor. Accordingly, aside from the Debtor's avoidance powers otherwise provided for, a Chapter 13 Debtor has no standing to exercise the avoidance powers of a Trustee. *Cf.* 11 U.S.C. §§ 522(f), (g) & (h) (Supp. IV 1980). *See In re Cox,* 10 B.R. 268 (Bkrtcy.D.Md.1981).

*Id.* at 583. *See also In re Reese,* 194 B.R. 782, 787 (Bkrtcy.D.Md.1996)(discussing this court's view that generally a Chapter 13 debtor may not exercise a trustee's avoidance powers); *Hollar v. United States,* 174 B.R. 198, 203 (M.D.N.C.1994)(citing, *inter alia,* the *Colandrea* decision and acknowledging its agreement "with those courts which have held that there is no statutory authority in Chapter 13 which grants a Chapter 13 debtor independent status to sue under the trustee's ... avoidance power.").

■ The United States Court of Appeals for the Fifth Circuit thoroughly analyzed this issue in the case of *Matter of Hamilton,* 125 F.3d 292, 295–98 (C.A.5 1997). As in *Colandrea,* the *Hamilton* court held in accordance with most recent opinions of bankruptcy courts that Congress limited a Chapter 13 debtor's avoidance powers to those expressly set out in § 522(h) of the Bankruptcy Code. *Id.* That Code section only empowers Chapter 13 debtors to avoid transfers that impair exemptions, and then only if the trustee does not attempt to do so. *See* 11 U.S.C. § 522(h). This court adopts *Hamilton's* pithy analysis. *See Hamilton,* 125 F.3d at 295–98. *See also In re Merrifield,* 214 B.R. 362, 365 (8th Cir. BAP 1997) (recognizing that "the Code allows debtors to avoid transfers in limited circumstances"); *In re Kildow,* 232 B.R. 686, 692 (Bkrtcy. S.D.Ohio 1999) (citing, *inter alia,* the *Hamilton* decision and acknowledging its agreement "with the courts which have concluded that chapter 13 debtors may avoid transfers subject to the restrictions set forth in sections 522(g)(1) and (h), because such a rule strikes the appropriate balance between the language of the Bankruptcy Code and the true role of a chapter 13 trustee."); *but see In re Freeman,* 72 B.R. 850, 854–55 (Bkrtcy.E.D.Va.1987) (where the court allowed the debtor to exercise the "strongarm" powers of 11 U.S.C. § 544(a) to defeat a creditor's unperfected security interest in an automobile).

■ This court also notes the decision in *In re Robertson,* 232 B.R. 846 (Bkrtcy. D.Md.1999), a case where a creditor who was the holder of an unperfected lien on a Ford truck filed an action to determine the extent and priority of the lien. The action was opposed by the chapter 13 debtor but not the chapter 13 trustee. *See id.* In *Robertson,* Judge Keir of this court explained the durability of the unperfected lien through the pendency of the case. *Id.* The court went on to point out that upon

conclusion of the debtor's case after he had paid the value of the truck to the trustee for distribution under the plan, that the lien arising from the unperfected security interest would be avoided pursuant to 11 U.S.C. § 506(d). *See id.* at 852. The debtor was not exercising an avoidance power as the court noted that:

> [t]he end result of the interplay between the UCC and the Bankruptcy Code is that the value of the collateral must be delivered by the Chapter 13 debtor to the estate, as opposed to the unperfected secured creditor. If the value is delivered by the performance under a plan and the successful completion of the case, the debtor retains the collateral thereafter free of the lien. However, if the debtor retains the collateral without paying the value to the estate (dismissal of the case or exercise of an exemption right), the lien remains valid as between debtor and creditor.

*Id.* at 852–53. As in the *Robertson* case, should debtor's case be dismissed before consummation of the plan, the avoided transfer would be reinstated under 11 U.S.C. § 349(d).

■ The other issue before the court is whether a Maryland Chapter 13 debtor may avoid a judgment creditor's wage attachments that occur within ninety days before the filing of a bankruptcy petition and thus avoidable by the trustee under § 547(b) of the Bankruptcy Code. Maryland allows a judgment creditor to levy an attachment of an individual's wages as a means of collecting a judgment debt. MD CODE ANN., COM. LAW II §§ 15–601 to 607 (1990 repl.vol.). The procedure for garnishment of wages is found in the rules of the Circuit Courts and District Courts of Maryland as set out in Maryland Rules 2–646 and 3–646. After a writ of garnishment is served upon the employer-garnishee, it attaches to wages payable to the debtor, that is, wages both earned and to which the debtor is entitled to payment. *See* Md. Rules 2–646(i), 3–646(i); MD CODE ANN., COM. LAW II § 15–602.

The writ constitutes a lien on the judgment-debtor's wages until the judgment is satisfied. *See* MD CODE ANN., COM. LAW II § 15–602(a); *Hunt Valley Masonry, Inc. v. Fred Maier Block, Inc.,* 671 A.2d 47, 49, 108 Md.App. 100, 105 (1996). In most situations, seventy-five percent (75%) of the judgment-debtor's disposable wages, or $145.00 per week if greater, is made exempt from attachment. *See* E. Stephen Derby, *Maryland Exemptions in Bankruptcy,* 27 Md. B.J. 36, 38 (1994).

Note that in Maryland the general exemptions from execution are expressly made inapplicable to wage garnishment. Section 11–504(e) of the Maryland Code provides, "The exemptions in this section do not apply to wage attachments." MD CODE ANN., CTS. & JUD. PROC. § 11–504(e). This treatment of wage attachments apart from the general exemptions prevents a debtor from continually claiming the full amount of wages as exempt upon each garnishment. Such a practice would effectively defeat a judgment-creditor's ability to realize the benefits of the wage garnishment and thereby nullify the remedy.

■ In order to have standing to avoid a transfer, the debtor must establish the following five elements under § 522(h): (1) the debtor could have exempted the property that is the subject of the alleged preference; (2) the transfer would have been avoidable by the trustee; (3) the trustee has not attempted to avoid the transfer; (4) the transfer was not a voluntary transfer of property by the debtor; and (5) and the property was not concealed by the debtor. *See In re DeMarah,* 62 F.3d 1248, 1250 (C.A.9 1995); 11 U.S.C. §§ 522(g), (h). The only element at issue here is the first one.

■ The Bankruptcy Code authorizes a debtor to exempt from the bankruptcy estate either the property listed in 11 U.S.C. § 522(d), or, if the state elects to opt out of that provision, to exempt property pursuant to state law. *See* 11 U.S.C. § 522(b)(1)

(1998). Maryland has opted out of the federal exemption scheme and has furnished its own. *See* MD CODE ANN., CTS. & JUD. PROC. §§ 11–504(b), (g); *In re Butcher,* 125 F.3d 238, 241 (C.A.4 1997). Here, the debtor is limited to the exemptions allowable under Maryland law. While Maryland law specifically excludes wage attachments from the general exemptions, debtor's standing under § 522(h) to avoid wage attachments as preferential transfers is derivative from the trustee's power to avoid and recover transfers. What is exempt is not the preferential payment *per se* but the funds recoverable by the trustee.

This court follows the holding in the cases of *In re Cox,* 10 B.R. 268, 270 (Bkrtcy.D.Md.1981)(Lebowitz, J.), and *In re Lewis,* 116 B.R. 54, 56 (Bkrtcy.D.Md.1990)(Derby, J.), where this court upheld debtors' rights to pursue preference actions in cases involving similar facts.

Appropriate orders will be entered in accordance with the foregoing.