**In re Archie MAUS, Debtor.**

**Archie Maus, Plaintiff,**

**v.**

**Joint Township District Mem. Hospital, Defendant.**

**Nos. 01–3245, 01–32888.**

United States Bankruptcy Court, N.D. Ohio.

May 14, 2002.

William E. Huber, Saint Marys, OH, for plaintiff.

Mark S. Foster, Dayton, OH, for defendant.

### DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

In the instant adversary proceeding, the Plaintiff/Debtor seeks to recover, as a preferential transfer, certain funds garnished by the Defendant/Creditor in the period immediately preceding the filing of the Debtor's bankruptcy petition. With respect to the Plaintiff's cause of action, each of the Parties filed a Motion for Summary Judgment together with supporting materials. A review of these Motions and supporting materials shows that the primary issue raised therein involves the applicability of the small preference exception of 11 U.S.C. § 547(c)(8) which generally prohibits the recovery of a preferential transfer if the aggregate value of the transfer was less than Six Hundred dollars ($600.00).

As it pertains to the above issue, the Creditor attached to his Motion for Summary Judgment, an exhibit which revealed the following information concerning the funds garnished from the Debtor's wages:

| Date of Garnishment/ Withholding | Work Period | Amount Sent to Court |
| --- | --- | --- |
| February 2, 2001 | 1–21–01 to 1–27–01 | $ 64.55 |
| February 9, 2001 | 1–28–01 to 2–03–01 | $ 90.13 |
| February 16, 2001 | 2–04–01 to 2–10–01 | $ 90.13 |
| February 23, 2001 | 2–11–01 to 2–17–01 | $ 95.73 |
| March 2, 2001 | 2–18–02 to 2–24–01 | $ 56.07 |
| March 9, 2001 | 2–25–01 to 3–03–01 | $ 56.07 |
| March 16, 2001 | 3–04–01 to 3–10–01 | $ 56.07 |
| March 23, 2001 | 3–11–01 to 3–17–01 | $ 56.07 |
| March 30, 2001 | 3–18–01 to 3–24–01 | $ 56.07 |
| April 6, 2001 | 3–25–01 to 3–31–01 | $ 74.84 |
| April 13, 2001 | 4–01–01 to 4–07–01 | $ 74.84 |
| April 20, 2001 | 4–08–01 to 4–14–01 | $ 116.10 |
| April 27, 2001 | 4–15–01 to 4–21–01 | $ 73.81 |
| May 4, 2001 | 4–22–01 to 4–28–01 | $ 73.81 |
| May 11, 2001 | 4–29–01 to 5–05–01 | $ 73.81 |

Total $1,108.10

In addition to the above information, these particular facts are not in dispute:

On June 12, 2000, the Creditor obtained a judgment against the Debtor for $20,894.71.

On October 10, 2000, an Order and Notice of Garnishment were issued in the Creditor's favor; pursuant to this Order, the above-stated funds were then garnished from the Debtor's wages.

On May 7, 2001, the Debtor filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. In the Debtor's petition, it was disclosed that the Creditor had garnished the funds set forth above. In addition, the Debtor, in his bankruptcy petition, claimed as an exemption a $200.00 dollar deposit with an electric company pursuant to O.R.C.

§ 2329.66(A)(4)(a); no wild-card exemption, however, was claimed by the Debtor as is permitted under O.R.C. § 2329.66(a)(18).

## LEGAL DISCUSSION

Proceedings to determine, avoid, or recover a preference are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(F). Thus, this case is a core proceeding.

In the instant case, the Debtor seeks to utilize the trustee's avoiding powers so as to enable him to recover certain preferential transfers that were made in the period immediately prior to the filing of his bankruptcy petition. On the ability of the Debtor to recover such transfers, the Parties have each filed a Motion for Summary Judgment. Pursuant to Federal Rule of Civil Procedure 56(c), which is made applicable to this proceeding by Bankruptcy Rule 7056, a party will prevail on a motion for summary judgment when "[t]he pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). With respect to this standard, the movant must demonstrate all the elements of his cause of action. *R.E. Cruise Inc. v. Bruggeman*, 508 F.2d 415, 416 (6th Cir.1975). To determine whether this standard has been met, the Court is directed to view all of the facts in a light most favorable to the party opposing the motion. *Matsushita v. Zenith Radio Corp.*, 475 U.S. 574, 586–588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). In addition, in cases such as this where the Parties have filed Cross Motions for Summary Judgment, the Court must consider each motion separately since each party, as a movant for summary judgment,

bears the burden of establishing the non-existence of genuine issues of material fact, and that party's entitlement to judgment as a matter of law. *French v. Bank One, Lima N.A. (In re Rehab Project, Inc.)*, 238 B.R. 363, 369 (Bankr.N.D.Ohio 1999).

■ As it concerns the Debtor's cause of action, it is first noted that normally only the bankruptcy trustee is conferred with the necessary standing to bring an action to recover a preferential transfer. Nevertheless, a debtor may, if certain conditions are met, utilize a trustee's avoidance powers so as to regain property for his/her own benefit. These necessary conditions, which are set forth in paragraphs (g) and (h) of § 522, are as follows:

(1) the debtor could have exempted the property that is the subject of the alleged preference;

(2) the trustee has not attempted to avoid the transfer;

(3) the transfer was not a voluntary transfer of property by the debtor;

(4) the property was not concealed by the debtor; and

(5) the transfer would have been otherwise avoidable by the bankruptcy trustee.

*Smoot v. Swann Hill Cond. Unit Owners (In re Smoot)*, 237 B.R. 875, 880 (Bankr. D.Md.1999). For purposes of these elements, there is no question in this case that the bankruptcy trustee, notwithstanding the Debtor's disclosure of his wage garnishment, did not attempt to pursue a preference action against the Creditor. In addition, it is clear that the nature of the garnishment action undertaken against the Debtor qualifies, for purposes of § 522(g), as an involuntary transfer of property. *See In re White*, 258 B.R. 129, 132 (Bankr. D.N.J.2001). Furthermore, there is no question in this case that the Debtor would

have been otherwise entitled to maintain an exemption in at least some of the funds garnished by the Creditor.[1] Thus, given these considerations, it is clear that the first four conditions, as set forth above, have been met. Thus, the only remaining question in this case is would the bankruptcy trustee have been otherwise entitled to avoid, as a preferential transfer, those wages garnished by the Creditor.

Section 547(b) sets forth the necessary requirements which must be met for a trustee to recover a preference. These requirements generally provide that a preferential transfer occurs when a debtor makes a payment on a debt within the 90–day period immediately preceding the filing of the debtor's bankruptcy petition. In this case, although there is some disagreement as to whether the initial garnishments of the Creditor actually occurred within the 90–day preference period, the Parties are in agreement that the above transfers would otherwise constitute a preference for purposes of § 547(b). In its defense, however, the Creditor argues that its garnishment action is immune from attack because of what is known as the small preference exception as set forth in § 547(c)(8).

In order to promote both judicial and economic efficiency, § 547(b) provides that transfers with a value of less than Six Hundred dollars ($600.00), although strictly qualifying as a preferential transfer under § 547(b), may not be attacked. *See Christians v. American Express Travel Related Services (In re Djerf)*, 188 B.R. 586, 588–89 (Bankr.D.Minn.1995). The specific language of this statute provides that:

The trustee may not avoid under this section a transfer—

(8) if, in a case filed by an individual debtor whose debts are primarily consumer debts, the aggregate value of all property that constitutes or is affected by such transfer is less than $600.

11 U.S.C. § 547(c)(8). As it applies to this case, a review of the arguments raised by the Parties shows that essentially two different issues exist concerning the applicability of the small preference exception. First, may multiple transfers to a single creditor during the preference period be aggregated for purposes of determining whether the Six Hundred dollar ($600.00) threshold of § 547(c)(8) has been met? Second, if such transfers maybe aggregated, does § 547(c)(8) only permit the recovery of the amount which is in excess of the Six Hundred dollar ($600.00) threshold set forth in the statute?

■ With respect to the first issue, some courts have held that each transfer, regardless of whether it is on the payment of a single debt, must be looked at individually. Adopting this position, of course, would entitle the Creditor to keep all of those funds garnished from the Debtor as each garnishment was clearly under the Six Hundred dollar ($600.00) threshold set forth in § 547(c). The basis for this position rests upon the language of § 547(c)(8) which utilizes the singular tense of the word "transfer," instead of the plural tense. *Wilkey v. Credit Bureau Sys., Inc. (In re Clark)*, 171 B.R. 563, 564 (Bankr. W.D.Ky.1994). The weakness, however, with this argument was pointed out by the

---

1. In particular, these two facts are noted: (1) under O.R.C. § 2329.66(A)(4) the Debtor, although entitled to claim an exemption of up to Four Hundred dollars ($400.00) in any cash on hand, only claimed Two Hundred dollars ($200.00) of this exemption; second, the Debtor did not at all utilize his wild-card exemption as set forth in O.R.C. § 2329.66(a)(18) which allows a debtor to claim as exempt any combination of property worth up to Four Hundred dollars ($400.00).

Fifth Circuit Court of Appeals in *Electric City Merchandise Co. v. Hailes (Matter of Hailes)*, where it was stated:

§ 102(7) of the Rules of Construction for the Bankruptcy Code supports the conclusion that multiple transfers to a single creditor should be aggregated under § 547(c)(8). Section 102(7) states that 'the singular includes the plural.' Under this rule of construction, the term 'transfer' in § 547(c)(8) can mean more than one transfer. Therefore, the aggregate value of several transfers should be considered to determine whether a creditor has received $600 in value.

77 F.3d 873, 875 (5th Cir.1996). In addition, on the issue of whether transfers on a single debt may be aggregated under § 547(c)(8), the Fifth Circuit in *Matter of Hailes* further stated:

Section 547(c)(8)'s legislative history further supports our conclusion. In enacting this exception to the preference rule, Congress intended to allow debtors to transfer small amounts of money to consumer creditors before the filing of a bankruptcy petition, despite the fact that the transfers might have a preferential effect. However, if we were to consider all transfers to a single creditor within the ninety-day pre-filing period individually in calculating whether the creditor has received $600, a consumer creditor could recover thousands of dollars from a pre-petition debtor under this small preference exception simply by requiring the debtor to transfer $599 in value at a time. Such an interpretation would clearly be contrary to Congress' intentions.

*Id.* (internal citations omitted).

After considering the matter, the Court, for those reasons set forth by the Fifth Circuit in *Matter of Hailes*, is persuaded that the better line of reasoning is to aggregate all those transfers made on a single debt when ascertaining whether the Six Hundred dollar ($600.00) threshold, as set forth in § 547(c)(8), has been met. Therefore, in this case, the individual amounts garnished from the Debtor's wages will be aggregated, thus placing such transfers—which totaled One Thousand One Hundred Eight and 10/100 dollars ($1,108.10)—outside the protection of § 547(c)(8).

■ Notwithstanding, the Creditor, as its second argument in defense of the preference action, argues that even if those funds garnished from the Debtor's wages are aggregated, § 547(c)(8) only permits the recovery of the actual amount of the transfer which is in excess of the Six Hundred dollars ($600.00) threshold set forth in the statute. The trouble, however, the Court has with this argument is that nowhere in the statute is it stated or even implied that the recovery of a preference may only be for the amount which is in excess of the Six Hundred dollar ($600.00) threshold of § 547(c)(8). In particular, had it actually been intended that only those amounts above the Six Hundred dollars ($600.00) threshold of § 547(c)(8) were recoverable, the phrase "to the extent" could have been easily added to the statute. *Ray v. Cannon's, Inc. (In re Vickery)*, 63 B.R. 222, 223 (Bankr.E.D.Tenn. 1986). In this regard, it is observed that the phrase "to the extent" is used in the first five preference exceptions set forth in § 547(c).

Thus, for the above reasons, the Court must reject both of those arguments the Creditor espoused to support the application of the small preference exception of § 547(c)(8). As such, since all of the other conditions contained in paragraphs (g) and (h) of § 522 have been met, the Debtor will be permitted to exercise the trustee's avoiding powers under § 547(b). Nevertheless, and although not actually raised as

an issue by the Parties, there does exist an additional limitation on the ability of a debtor to recover a preference under 547(b).

 Any debtor who exercises a trustee's avoiding powers under paragraphs (g) and (h) of § 522 is also subject to the limitation contained in paragraph (j) of the statute; this paragraph provides that:

> Notwithstanding subsections (g) and (i) of this section, the debtor may exempt a particular kind of property under subsections (g) and (i) of this section only to the extent that the debtor has exempted less property in value of such kind than that to which the debtor is entitled under subsection (b) of this section.

The effect of this section is that a debtor is only permitted to recover that property which could have otherwise been exempted. Thus, for purposes of this case, when it is considered that the Debtor has Two Hundred dollars ($200.00) remaining on his exemption under O.R.C. § 2329.66(A)(4)(a), and Four Hundred dollars remaining on his wild-card exemption under O.R.C. § 2329.66(a)(18), the Court will only permit the Debtor to recover from the Creditor the sum of Six Hundred dollars ($600.00). In addition, the Debtor shall be required to file an amendment to his bankruptcy schedules so as to reflect this change in his claimed exemptions.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Motion for Summary Judgment submitted by the Plaintiff, Archie Maus, be, and is hereby, GRANTED to the extent set forth in this Decision; and that the Motion for Summary Judgment submitted by the Defendant, Joint Township District Memorial Hospital, be, and is hereby, DENIED.

It is **FURTHER ORDERED** that those funds garnished by the Defendant, Joint Township District Memorial Hospital, against the wages of the Plaintiff, Archie Maus, be, and are hereby, AVOIDED in the amount of Six Hundred dollars ($600.00) pursuant to 11 U.S.C. §§ 547(b), 522(g), 522(h) and 522(j).

It is **FURTHER ORDERED** that Judgment be, and is hereby, entered in favor of the Plaintiff, Archie Maus, against the Defendant, Joint Township District Memorial Hospital, in the amount of Six Hundred dollars ($600.00).

It is **FURTHER ORDERED** that within Twenty-one (21) days from the entry of this Order, the Debtor file an amendment to his Bankruptcy Schedules so as to reflect the change in his claimed exemptions.