**In re Daniel and Dorothy MULLY, Debtors.**

**INDUSTRIAL COMMISSION OF the STATE OF NEW YORK, Plaintiff,**

**v.**

**Daniel and Dorothy MULLY, Defendants.**

**Bankruptcy No. 81–20068.**

United States Bankruptcy Court, W.D. New York.

Aug. 27, 1984.

Tarricone, Bilgore, Silver, Albert & Feldman by Sammy Feldman, Rochester, N.Y., for defendants.

Robert Abrams, Atty. Gen. of the State of New York by William J. Goldman, Asst. Atty. Gen., Rochester, N.Y., for plaintiff.

MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

The moving party, the debtors herein, filed their petition in bankruptcy on January 16, 1981. Their discharge in bankruptcy was granted May 4, 1982. On May 14,

1981, the Industrial Commission of the State of New York entered a judgment in Supreme Court, Monroe County for $3,048.48. On January 13, 1984, the debtors moved to reopen the case. On February 6, 1984, a motion was made to amend to add the Industrial Commission of the State of New York to the debtors' Schedule A–3. The motion was granted. At the same time, a motion was made under 11 U.S.C. § 522(f) to discharge the judgment of the Industrial Commission of the State of New York as a lien on exempt real property.

The real property involved is 16 Mendota Drive, Rochester, New York, which was listed as the debtors' principal place of residence. There is no equity in the property over and above the exemptions claimed in debtors' bankruptcy schedules.

The State relies upon a bankruptcy case in the Northern District of New York decided by Judge Marketos on February 14, 1984 and is cited as *In re Ball.* In that case, Judge Marketos decided that the tax warrant was not a judicial lien which could be set aside under 11 U.S.C. § 522(f) and in any event, he decided that to permit a setting aside under 11 U.S.C. § 522(f) would be ineffective because the State's tax debt was nondischargeable and hence could be enforced after the bankruptcy against property of the debtors.

This is not the case in the matter at bar because the Industrial Commission of the State of New York got a judgment which is voided because it was filed in violation of the stay of 11 U.S.C. § 362(a) and could have been set aside by the trustee under 11 U.S.C. § 549. Furthermore, if 11 U.S.C. § 522(c) and 11 U.S.C. § 523(a)(1) are taken into consideration, it is possible that this debt would be dischargeable and unenforceable against the exempt property of the debtors because most of the tax arose more than three years prior to the filing of the petition in bankruptcy. The affidavits herein do not give the information to decide a 11 U.S.C. § 523(a)(1) exception to discharge.

Therefore, the judgment of the Industrial Commission of the State of New York in the amount of $3,048.48 is voided as being filed in violation of 11 U.S.C. § 362(a) and it is so ordered.