**Joseph P. CLARK, Appellant,**

v.

**Stanley PURE, Stephanie Pure, Appellees.**

**Civ. A. No. 92–4678.**

United States District Court, E.D. Pennsylvania.

Feb. 9, 1993.

David F. Dunn, Allentown, PA, for Joseph P. Clark.

David C. Schattenstein, Perkin, Rapoport, Schattenstein & Feldman, Allentown, PA, for Creditors Committee Creditor.

Norman E. Blatt, Allentown, PA, for Stanley Pure.

Allan B. Goodman, Bethlehem, PA, for Richard Savakis.

John Solt, Allentown, PA, for Nathan Cohen, Stanley Pure, Stephanie Pure.

Frederic Baker, Philadelphia, PA, Asst. U.S. Trustee.

## MEMORANDUM

NEWCOMER, District Judge.

Presently before the court is an appeal from the bankruptcy court's refusal to grant a Motion for Reconsideration. For reasons that follow, I will affirm the order of the bankruptcy court.

## I. *Procedural Background:*

On January 1, 1981, the debtor/appellant and the Pures/appellee entered into an installment sales agreement by which the Pures were to purchase land owned by the debtor. While the Pures were in possession of the property, they conveyed a mortgage to Cohen. On November 15, 1985, Pures assigned their interest under the installment sales agreement to Richard Savakis in return for a judgment note. In October 1986 Savakis filed for liquidation under Chapter 7. In the subsequent bankruptcy proceedings, the bankruptcy court ruled that the Pures could collect on the judgment note they received from Savakis, and that the Cohen mortgage was valid thus defeating Clark's claims to the contrary. Debtor filed a motion to reconsider, which the bankruptcy court denied.

## II. *Standard of Review:*

In its role as an appellate court, this court's review of facts as found by the bankruptcy court is subject to the "clearly erroneous standard." *See* Bankruptcy Rule 8013, *Brown v. Pennsylvania State Employees Credit Union*, 851 F.2d 81, 84 (3d Cir.1988). This court's review of legal conclusions is subject to plenary review. *Id.* at 84.

## III. *Discussion:*

The appeal before the court deals with a number of issues raised by the plaintiff. However, the issues identified and the manner in which they are presented have created an incomplete record for the court's review.

■ Plaintiff cites a number of issues for the court's review. However, this court can consolidate the issues into two main points: 1) Was the executory contract[1] validly assigned; and 2) did the mortgage lien travel with it? The bankruptcy court answered both of these questions in the affirmative and I will affirm its decision.

■ An executory contract must be assumed by a Chapter 7 trustee to remain valid and according to 11 U.S.C. § 365(d)(1) a trustee has sixty days to either assume or reject an executory contract. If a trustee fails to act within the sixty days prescribed by statute the executory contract is deemed to be rejected. *See In re Mead*, 28 B.R. 1000, 1002 (E.D.Pa.1983). Clark claims that the trustee of the Pures' Chapter 7 case did nothing to assume the executory contract between Clark and the Pures and therefore the contract is deemed to be rejected. As such, Clark argues that the rejection of the contract would extinguish the mortgage lien. Once an executory contract is assumed by the trustee the executory contract can be assigned pursuant to 11 U.S.C. § 365(f)(1). If the contract is never assumed by the trustee the contract is void and cannot be assigned.

■ In the case before the court, plaintiff's counsel claims the contract between Clark and the Pures' was not assumed yet has provided the court with no documentation to support such a claim. The bankruptcy court in its order of October 3, 1991 states that the installment sales agreement between Pure and Savakis was valid when signed. *See* Plaintiff's brief p. 7a. This fact leads this court to believe that the contract was assumed by the trustee in the Pures' Chapter 7 bankruptcy proceeding since the bankruptcy court was unlikely to declare valid an agreement never assumed or approved by the court. *In re Oxford Royal Mushroom*, 45 B.R. 792, 793 (Bankr. E.D.Pa.1985).

■ Once the validity of the contract assignment is established, the issue becomes whether the mortgage was valid when it is sold attached to an executory contract. A mortgage is a secured claim pursuant to 11 U.S.C. § 506. A secured claim cannot be extinguished merely because of the sale of the contract to which it is attached. *In re Middleton*, 3 B.R. 610, 613 (Bankr.E.D.Pa.1980). The bankruptcy court made this point in distinguishing the

---

**1.** An executory contract is a contract that has not been fully performed or completed. The Pures' installment contract with Clark was an executory contract since the performance was to occur over an extended period of time and that performance was never completed.

plaintiff's use of *Miller v. Groff,* 40 Pa.D. & C.3d 468 (1986). In *Miller,* the court held that a lien is extinguished when the purchaser terminates his equitable interest in the real estate by relinquishing possession and rescinding the agreement. This is distinguishable from the facts of this case. In this case possession has not been relinquished nor the agreement rescinded. Instead, the Pures' interest was assigned to Savakis for consideration. This distinction is noted in *Miller:* "had the purchasers encumbered their equitable interest or conveyed it, Defendant Groff's protection would have continued." Id. at 472. Therefore, because the Pures' interest was assigned, the liens previously created by them were not extinguished as the appellant claims and the Bankruptcy court did not err in its finding.

 A trustee has the option to attack a transaction as a preference in a bankruptcy proceeding. This is clear from the words of the statute: "the trustee *may* avoid any transfer of property of the debtor." 11 U.S.C. § 547(b) (emphasis added). If a trustee fails to challenge a transaction that could be a preference, the transaction is valid. *See In re Eggen,* 21 F.2d 936 (8th Cir.1927). Plaintiff also claims that the bankruptcy court abused its discretion when it declared the Cohen mortgage to be an insider preference. However, because the trustee did not attack the mortgage as a preference, it was not considered by the court to be one. Therefore, the bankruptcy court did not err in finding that the Cohen mortgage was not a preference that must be voided.

 Plaintiff's final claim is the bankruptcy court erred as a matter of law in determining that the Pures' lien on the judgment note was valid against Savakis. According to 11 U.S.C. § 362(a)(2) any act to "create, perfect, or enforce any lien against property of the estate," is automatically stayed. In the case before the court the judgment note from November 1985 was not recorded until January 1987 three months after Savakis filed for bankruptcy. When a judgment lien is recorded after a petition for bankruptcy has been filed the courts have held that a secured claim can be voided as a preference. *In re Baird,* 55 B.R. 316 (Bankr.W.D.Ky1985); *In re Frosdick,* 16 B.R. 60 (Bankr.N.D.Ohio 1981); *In re Mully,* 41 B.R. 799 (Bankr.W.D.N.Y. 1984). Declaring a judgment lien a preference does not invalidate the note or the right of its holder to collect. It merely reduces the judgment to an unsecured claim and the holder can collect after the secured claims against the estate have been paid. *In re Butz,* 1 B.R. 435, 438 (Bankr.E.D.Pa.1979). In the case before the court the note exchanged between the Pures and Savakis is simply a note with no security agreement. The lack of security agreement means the Pures' judgment note is an unsecured claim. The Pures' do have a right to collect from Savakis but only after the secured creditors are paid. The action of the bankruptcy court merely affirmed the existence of the judgment note and the right of the Pures to its payment without moving it up in line for payment by Savakis and therefore was not an abuse of discretion. Accordingly, the bankruptcy court's opinion will be affirmed.