In re Bernard W. HUMPHREY, Jr. and Peggy K. Humphrey, Debtors.

Bernard W. HUMPHREY, Jr. and Peggy K. Humphrey, Plaintiffs,

v.

Van K. HERRIDGE, Defendant.

Bankruptcy No. 92–5–7619–JS.
Adv. No. 93–5360–JS.

United States Bankruptcy Court,
D. Maryland.

Oct. 15, 1993.

Alexander Gordon IV, Easton, MD, for debtors/plaintiffs.

Ronald H. Jarashow, Franch & Jarashow, P.A., Annapolis, MD, for defendant.

James R. Wooton, Baltimore, MD, Trustee.

*MEMORANDUM OPINION DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND DISMISSING COMPLAINT*

JAMES F. SCHNEIDER, Bankruptcy Judge.

This matter came before the United States Bankruptcy Court for the District of Maryland at Baltimore upon the debtors' motion for summary judgment [P. 4]. The issues raised by the motion are whether a Chapter 7 debtor has standing to maintain a preference action and whether these particular debtors should prevail as a matter of law. For the following reasons, this Court holds that, in limited circumstances, Chapter 7 debtors have standing to maintain a preference action. However, the debtors in this case are not entitled to the relief that they have requested.

*FINDINGS OF FACT*

1. In 1985, the debtors, Bernard W. Humphrey, Jr. and Peggy K. Humphrey,

purchased the St. Michaels Hardware and Gift Store from the defendant, Van K. Herridge. The purchase was partially financed by a $210,000 note payable by the Humphreys to Mr. Herridge and secured by the inventory and fixtures of the store.

2. On August 3, 1992,[1] the defendant obtained a judgment on the note in the amount of $194,647.68 plus interest against the debtors in the Circuit Court for Talbot County, Maryland. The defendant claims to be both a secured and an unsecured creditor, by reason of holding a perfected financing statement covering accounts receivable, inventory, equipment and fixtures located in the debtors' store, as well as the judgment on the purchase money note duly recorded in Talbot County, Maryland. No copy of the judgment was attached to the complaint.

3. On October 19, 1992, the debtors filed a voluntary Chapter 7 bankruptcy petition in this Court.

4. Mr. Herridge's judgment was obtained within 90 days of the filing of the bankruptcy petition by the debtors.

5. On August 6, 1993, the debtors filed the instant complaint to avoid the judgment as a preference pursuant to Section 547 of the Bankruptcy Code. The Chapter 7 trustee has not initiated a preference action with respect to the judgment.

*CONCLUSIONS OF LAW*

1. "Summary judgments are appropriate in those cases where there is no genuine dispute as to a material fact and it appears that the moving party is entitled to a judgment as a matter of law." *Miller v. F.D.I.C.,* 906 F.2d 972, 973 (4th Cir.1990) (citations omitted); F.R.Civ.P. 56.

2. In the instant case, while there is no genuine dispute as to any material fact, the debtors are not entitled to relief as a matter of law.

3. Section 547(b) of the Bankruptcy Code authorizes the *trustee* to avoid any transfer

of an interest of the debtor in property made while the debtor was insolvent within 90 days of the filing of bankruptcy to or for the benefit of a creditor on account of an antecedent debt that enables the creditor to obtain a greater share than it would have obtained in a Chapter 7 distribution if the transfer had not been made. 11 U.S.C. § 547(b) (1993).

4. However, when the Chapter 7 trustee has failed to file a complaint to avoid a preference under Section 547(b), Chapter 7 debtors have been held to have standing to do so. *Wimbish v. Allegheny County (PA) United States Gov't Employees Federal C.U.,* 95 B.R. 379 (Bankr.W.D.Pa.1989); *In re Ricke,* 84 B.R. 408 (Bankr.W.D.Pa.1988); *Washkowiak v. Glenwood Medical Group,* 62 B.R. 884 (Bankr.N.D.Ill.1986); *Terry v. Carter,* 56 B.R. 538 (Bankr.D.Vt.1986). The rationale of these cases is that debtors should have the ability to protect exemptions in situations where a trustee has no incentive to recover assets to which creditors would not be entitled. *Deel Rent–A–Car v. Levine,* 721 F.2d 750, 757 (11th Cir.1983); H.R.Rep. No. 595, 95th Cong., 1st Sess. 362–363 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 76–77 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787.

5. There is authority for the proposition that a Chapter 7 debtor does not have standing to maintain a preference action. *Clark v. Pure,* 151 B.R. 75, 78 (Bankr.E.D.Pa.1993); ("[I]f a trustee fails to challenge a transaction that could be a preference, the transaction is valid.") However, in stating this proposition, *Clark* relied on a case decided before the enactment of the Bankruptcy Code, *Larson v. First State Bank of Vienna,* 21 F.2d 936 (8th Cir.1927). This Court disapproves of the no-standing doctrine.

6. The statutory framework for the debtors' standing to bring a preference action is provided by Sections 522(h),[2]

---

1. In an earlier motion to avoid lien [P. 4] filed in their bankruptcy case, the debtors alleged that the date of the judgment was August *4,* 1992.

2. Section 522(h) provides:
[t]he debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that

the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer if—
(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or

522(g)(1),[3] and 547(b) of the Bankruptcy Code. Based upon this authority, a Chapter 7 debtor must satisfy the following five-part test:

a. The debtor could have exempted the property which is the subject of the alleged preference;

b. The transfer would have been avoidable by the trustee under Section 547;

c. The trustee has not attempted to avoid the transfer;

d. The transfer was not a voluntary transfer of property by the debtor; and

e. The property was not concealed by the debtor.

The elements of this test are consistent with the analyses found in *Deel Rent–A–Car, Inc. v. Levine*, 721 F.2d 750 (11th Cir.1983); *Wimbish v. Allegheny County (PA) United States Gov't Employees Federal C.U.*, 95 B.R. 379 (Bankr.W.D.Pa.1989); *In re Ricke*, 84 B.R. 408 (Bankr.W.D.Pa.1988); *Washkowiak v. Glenwood Medical Group*, 62 B.R. 884 (Bankr.N.D.Ill.1986); *Terry v. Carter*, 56 B.R. 538 (Bankr.D.Vt.1986); and *In re Smith*, 45 B.R. 100 (Bankr.E.D.Va.1984).

■ 7. The debtors' complaint cannot get over the first requirement of the five-part test because the debtors may only recover preferential transfers for their own benefit to the extent that the debtors could have exempted such property. 11 U.S.C. § 522(i) (1993).

■ 8. The debtors did not claim that the alleged preference impaired exemptions to which the debtors would have been entitled. The judgment attached to the debtors' real estate at 8940 Bozman–Neavitt Road, St. Michaels, Maryland. A judgment constitutes a lien if properly indexed and recorded as prescribed by the Maryland Rules. Md.Cts. & Jud.Proc.Code Ann. § 11–402 (1989). Moreover, the debtors' complaint and motion for summary judgment sought the avoidance of the $194,647.68 judgment in its entirety. However, the exemptions allowed in Maryland as set forth in Md.Cts. & Jud.Proc.Code Ann. § 11–504(b) (1989),[4] will not accommodate exemption of the entire value of property impaired by the defendant's judgment lien. Therefore, the debtors are not entitled to the requested relief as a matter of law. They are only entitled to avoid the defendant's judgment to the extent that it impairs exemptions to which they would be entitled.

724(a) of this title or recoverable by the trustee under section 553 of this title; and

   (2) the trustee does not attempt to avoid such transfer.

11 U.S.C. § 522(h) (1993).

3. Section 522(g)(1) provides:

*Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—*

   *(1)(A) such transfer was not a voluntary transfer of such property of the debtor; and*

   *(B) the debtor did not conceal such property.*

11 U.S.C. § 522(g)(1) (1993).

4. Section 11–504(b) provides:

(b) In general.—The following items are exempt from execution on a judgment:

   (1) Wearing apparel, books, tools, instruments, or appliances, in an amount not to exceed $2,500 in value necessary for the practice of any trade or profession except those kept for sale, lease, or barter.

   (2) Money payable in the event of sickness, accident, injury, or death of any person, including compensation for loss of future earnings. This exemption includes but is not limited to money payable on account of judgments, arbitrations, compromises, insurance, benefits, compensation, and relief. Disability income benefits are not exempt if the judgment is for necessities contracted for after the disability is incurred.

   (3) Professionally prescribed health aids for the debtor or any dependent of the debtor.

   (4) The debtor's interest, not to exceed $500 in value, in household furnishings, household goods, wearing apparel, appliances, books, animals kept as pets, and other items that are held primarily for the personal, family, or household use of the debtor or any dependent of the debtor.

   (5) Cash or property of any kind equivalent in value to $3,000 is exempt, if within 30 days from the date of the attachment or the levy by the sheriff, the debtor elects to exempt cash or selected items of property in an amount not to exceed a cumulative value of $3,000.

*Id.*

For the foregoing reasons, the debtors' motion for summary judgment will be DENIED and the instant complaint will be DISMISSED.

ORDER ACCORDINGLY.