**BANK OF AMERICA, N.A. (USA), f/k/a NationsBank, N.A. Appellant,**

v.

**Kenneth W. STINE, Appellee.**

**No. CIV.JFM–99–3678.**

United States District Court,
D. Maryland.

Sept. 12, 2000.

Ronald S. Canter, Bethesa, MD, for plaintiff.

Mark Franklin Scurti, Baltimore, MD, for defendant.

## OPINION

MOTZ, Chief Judge.

This bankruptcy appeal presents the question of whether a Chapter 7 bankruptcy debtor, exercising the avoidance power conferred upon him by 11 U.S.C. § 522(h), may recover wages garnished by a judg-

ment creditor within the ninety-day preference period. The bankruptcy court, answering this question in the affirmative, held that the debtor, Kenneth W. Stine, was entitled to recover $1,064.05 that NationsBank had obtained from him pursuant to wage attachments. I find that Stine may avoid the garnishments as preferential transfers but that he must count the $1,064.05 against the $6,000 limit on exemptions imposed by Maryland law upon bankruptcy debtors. Since the bankruptcy court did not address the latter point, I will remand the case for the entry of an appropriate order.

### I.

Section 522(h) provides that a debtor who files for bankruptcy under Chapter 7 may bring an action to avoid a transfer "to the extent that the debtor could have exempted such property... if the trustee had avoided such transfer." In *In re Humphrey*, 165 B.R. 578 (Bankr.D.Md. 1993), the United States Bankruptcy Court for the District of Maryland, applying the statutory criteria, articulated a five-part test for determining when a debtor may avoid a transfer. The *Humphrey* test requires that (1) the debtor could have exempted the property at issue; (2) the transfer would have been avoidable by the trustee; (3) the trustee has not attempted to avoid the transfer; (4) the transfer was not voluntary; and (5) the debtor did not conceal the property. *Id.* at 580. The parties assume that the *Humphrey* test applies and agree that the last four elements have been met. The only dispute concerns element one: whether the debtor could have exempted the wages garnished by the judgment-creditor.

The bankruptcy code lists the exemptions available to a bankruptcy debtor. 11 U.S.C. § 522(d). However, the code also

provides that a state may opt out of the federal exemption scheme. 11 U.S.C. § 522(b)(1). Maryland has done so and created exemptions of its own. Md.Code Ann., Cts. & Jud. Proc. § 11–504 (1998). These exemptions are somewhat complicated but for present purposes it is sufficient to say that under section 11–504 there is a general limit of $6,000 on the exemptions a debtor filing for bankruptcy may claim for cash and other personal property.[1]

### II.

The crux of this case turns upon the interpretation of section 11–504(e) of the Maryland Courts and Judicial Proceedings Code, which provides that "[t]he exemptions in this section do not apply to wage attachments." NationsBank argues that this language plainly excepts from the exemptions a debtor can claim under section 11–504 monies that have been garnished from him pursuant to a wage attachment. Thus, Stine was not authorized to avoid NationsBank's garnishments because he could not have exempted the wages when they were garnished.

NationsBank draws support for its position not only from the statutory language but also from the statutory scheme it contends the language reflects. According to NationsBank, Maryland law establishes two separate and independent mechanisms for enforcing the collection of judgments: wage attachments and other forms of levy. By the express terms of section 11–504(e), the exemptions provided by section 11–504 apply only to the latter. The only exemption for wage attachments is provided by the wage attachment statute itself, which exempts from garnishment 75% of a debtor's wages. Md.Code Ann., Comm. Law II § 15–601.1 (2000). That exemption is not available to Stine because he already re-

---

**1.** The $6,000 limit is computed by adding the value of the exemptions found in sections 11–    504(b)(4), 11–504(b)(5) and 11–504(f).

ceived its protection when NationsBank attached his wages.

## III.

NationsBank's position is not unreasonable. But it has the untoward effect in cases such as this of insulating from avoidance preferential wage attachments to the detriment of the bankruptcy estate and the debtor's other creditors. Presumably, when enacting sections 11–504 and 15–601.1, the Maryland General Assembly did not intend unnecessarily to undermine a fundamental policy of federal bankruptcy law. Therefore, if section 11–504 can be read in a manner that reconciles both federal and state interests, it is that reading that must govern.

■ Stine provides such a reading. In his view section 11–504(e)'s exception of "wage attachments" from the other provisions of section 11–504 does not mean that garnished wages can never be eligible for exemption under section 11–504 but only that a debtor cannot assert *at the time of the attachment* an exemption under section 11–504 for the 25% that has been garnished by the creditor.[2] This interpretation fully serves section 11–504(e)'s important and legitimate goal. If section 11–504(e) did not exist, a debtor could frustrate one of the purposes of section 15–601.1 by asserting the section 11–504 exemptions each time a wage attachment is served to immunize from collection the 25% portion of the wages to which a creditor is entitled under section 15–601.1. As aptly stated by the Bankruptcy Court in *Smoot v. Swann Hill Cond. Unit Owners,* 237 B.R. 875, 880 (Bankr.D.Md.1999), "[s]uch a practice would effectively defeat a judgment-creditor's ability to realize the benefits of the wage garnishment and thereby nullify the remedy."

■ Section 11–504(e) thus provides a shield for a creditor who has properly garnished wages under section 15–601.1 against a debtor's misuse of section 11–504 exemptions. The shield is a critical part of the statutory scheme and must be honored. NationsBank, however, is seeking to use the shield as a sword to frustrate the policy of federal bankruptcy law of avoiding preferential transfers. This is not a case in which Stine asserted section 11–504(e) exemptions to defeat a lawful garnishment at the time his wages were attached. Rather, his aim is to undo preferential transfers to which NationsBank is not entitled under federal law. Unquestionably, the bankruptcy trustee could have avoided the transfers, but he chose

2. The parties' respective interpretations of section 11–504(e) create an apparent paradox. Adhering to the logic of its argument, NationsBank asserts the pro-debtor view that a debtor filing for bankruptcy may claim the exemption of 75% of wages established by section 15–601.1 *in addition to* his section 11–504 exemptions. For example, according to NationsBank, if a debtor is paid $3,000, $750 (25%) of which is garnished, and immediately thereafter files for bankruptcy while his remaining $2,250 in wages are identifiable as such, he may claim an exemption for that $2,250 without counting it against the $6,000 limit for cash and personal property established by section 11–504. Stine's reading of section 11–504, on the other hand, leads him to the pro-creditor conclusion that section 15–601.1's exemption does not survive a bankruptcy filing and that in the hypothetical just stated, the debtor would have to count the $2,250 against his $6,000 limit.

Although I need not decide the question of which of these positions is correct, if I were of the view that Stine's interpretation of section 11–504(e) did violence to the 75% exemption provided by section 15–601.1, I would not find (as I do) that his interpretation properly accommodates Maryland's statutory interests. In fact, I believe his interpretation is consonant with those interests. Section 15–601.1 provides an exemption for nonbankruptcy debtors for the purpose of providing them with a means of sustenance immune from the demands of creditors. While that purpose is entirely legitimate, once a debtor files for bankruptcy, he or she is protected under federal bankruptcy law. Therefore, there is no reason for the section 15–601.1 exemption to survive a debtor's bankruptcy filing.

not to do so.[3]   In such a case 11 U.S.C. § 522(h) confers derivative authority upon the debtor to avoid the preference.   Of course, Stine cannot use that authority to recover and retain for himself property in excess of the total amount of exemptions to which he was entitled under section 11–504.   *See Humphrey*, 165 B.R. at 580 (debtor only entitled to avoid a transfer where proceeds "could have" been exempted).   However, Stine acknowledges that he must adjust his schedules to reduce his other claimed exemptions by each dollar he recovers from NationsBank.[4]   Thus, in the final analysis, Stine's avoidance of the preferential transfers will place him, NationsBank, and his other creditors in the positions they should have occupied at the moment he filed for bankruptcy.

In sum, Stine's interpretation of section 11–504(e), while lacking the virtuous simplicity of NationsBank's, has the higher virtue of harmonizing state and federal policy.   Sophisticated but not sophistic, it reconciles an apparent but unnecessary conflict with subtlety and grace.

*Affirmed and remanded.*

---

**3.**   The record in this case does not reveal the reasons for that decision.   It is not uncommon, however, for trustees to forego avoidance actions in certain circumstances.   As counsel pointed out during argument, in many cases the costs of avoiding the preference will exceed the value of the transfer.   One of the purposes of section 522(h) is to provide a mechanism in such circumstances for avoiding preferential transfers which would otherwise unfairly benefit one creditor over another.

**4.**   Stine's concession on this point is consistent with, but not dependent on, his conclusion that section 15.601.1's exemption does not survive his bankruptcy filing.   *See* footnote 2, *supra.*   Whatever the merits of the parties' respective contentions on the question of whether a bankruptcy debtor should be able to claim a separate exemption for his 75% share of garnished wages (identifiable as such) at the time of his bankruptcy filing, clearly he has no exemption under section 15.601.1 for the 25% share that section 15.601.1 allows to be garnished.   Therefore, he must rely on the exemptions provided in section 11–504 and also abide by their limits.