In re Ruby C. SELBY, Debtor.

Ruby C. Selby, Plaintiff,

v.

Allfirst Bank, Defendant.

Bankruptcy No. 00–1–2885–DK.
Adversary No. 00–1–114–DK.

United States Bankruptcy Court,
D. Maryland.

Oct. 3, 2000.

Frederick Bierer, for plaintiff.

Jay V. Strong, Baltimore, MD, for defendant.

## MEMORANDUM OF DECISION

DUNCAN W. KEIR, Bankruptcy Judge.

Before the court are Parties' Cross Motions for Summary Judgment stemming from an adversary complaint to avoid and recover a preferential transfer. The Complaint in this proceeding seeks an order avoiding a preferential transfer pursuant to § 547(b). Upon consideration of the motions, response and accompanying memoranda and for the reasons set forth below, Defendant's Motion for Summary Judgment will be denied and Plaintiff's Cross Motion will be granted.

At the same time, Defendant has filed an objection to exemption in Plaintiff's

bankruptcy case. Upon consideration of the objection and response and for reasons set forth below, the Objection shall be denied.

The material facts are not in dispute. On March 15, 2000 Plaintiff filed a Chapter 7 bankruptcy petition. During the ninety days prior to this filing, Defendant Allfirst Bank received the sum of $2,075.26 pursuant to a Writ of Garnishment served on the Plaintiff's employer, Lockheed Martin Corporation. Of the wages garnished, Plaintiff exempted $2,075.00 in her bankruptcy case. Consequently, Plaintiff filed this adversary action to avoid and recover the $2,075.26 as a preference.[1]

This Court's standard of review for summary judgment is set forth in *Ramsey v. Bernstein (In re Bernstein)*, 197 B.R. 475 (Bankr.D.Md.1996), *aff'd* 113 F.3d 1231 (4th Cir.1997):

Pursuant to Fed.R.Civ.P. 56(c), made applicable by Bankruptcy Rule 7056, summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). In determining the facts for summary judgment purposes, the court may rely on affidavits made with personal knowledge that set forth specific facts otherwise admissible in evidence and sworn or certified copies of papers attached to such affidavits. FED. R. CIV.P. 56(e), made applicable by Bankruptcy Rule 7056. When a motion for summary judgment is made and supported by affidavits or other evi-

---

1. Subsequently, Defendant filed an objection to exemption. Parties present identical argu-

ments in both actions.

dence, "an adverse party may not rest upon mere allegations or denials..."

*Id.*

After the movant has met his summary judgment burden of production, the burden shifts to the nonmovant to "set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *see also Anderson,* 477 U.S. at 250, 106 S.Ct. 2505. The summary judgment standard mandates that the court should view the record as a whole and in the light most favorable to the non-moving party. *Clark v. Alexander,* 85 F.3d 146, 150 (4th Cir.1996).

Plaintiff submits that under 11 U.S.C. § 522(g) and *In re Cox,* 10 B.R. 268 (Bankr.D.Md.1981), a debtor, by utilizing the trustee's avoidance powers, has the ability to exempt a preference under these circumstances. Defendant argues that a debtor may not claim the funds transferred to a judgment creditor during the preference period through a wage garnishment as exempt in bankruptcy, because Maryland's general exemption law does not apply to wage garnishments.

■■■ 11 U.S.C. § 522(*l*) and Bankruptcy Rule 4003(b) govern objections to exemptions. Under these provisions, a debtor is required to file a list of property that the debtor claims as exempt. Unless a party in interest objects to an exemption within 30 days of the conclusion of the meeting of creditors, the property is exempt in the amount claimed. 11 U.S.C. § 522(*l*); FED. R. BANKR. PROC. 4003(b). This is true even if the debtor had no colorable basis for claiming the exemption. *In re Canelos,* 216 B.R. 159, 163 (Bankr.D.Md.1997) (*citing Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992)). Claiming exemptions for property, if allowed, precludes the property from being distributed to creditors.

The meeting of creditors was held on April 18, 2000. Therefore, the deadline to file objections to exemptions was May 18, 2000. In the instant case, an objection to the debtor's claim of exemption for the preference recovery sought by this action was filed by Defendant on June 12, 2000. Thus, the objection to exemption must be denied as untimely under *Taylor v. Freeland.*

■■■ Notwithstanding, this court in *In re Canelos,* held that although no objection to the debtor's claim of exemption was filed within the prescribed time period of § 522(*l*), the lienor could still challenge the amount of the claimed exemption in defense of debtor's motion to avoid lien. *In re Canelos,* 216 B.R. 159 (Bankr.D.Md. 1997) "If a creditor defeats a lien avoidance motion by successfully contesting the amount of the exemption, the debtor loses the ability to avoid the lien, but the property retains its status as exempt from being administered as property of the bankruptcy estate." *Id.* at 164. Likewise, this court finds that the defendant may proceed to contest the debtor's claimed exemption in opposition to the preferential transfer action despite the denial of objection to exemption. It is in this context that the court will address the debtor's claimed exemption.

Section 522 of the Bankruptcy Code (hereinafter all sections refer to the Bankruptcy Code unless otherwise noted) allows a debtor to exempt certain property from property of the bankruptcy estate. 11 U.S.C. § 522(d). Maryland has "opted out" of the alternative federal exemptions contained in 11 U.S.C. § 522(d). MD. CODE ANN., CTS & JUD. PROC. § 11–504(g) (Supp.1999). An individual debtor in this district is entitled to claim those exemptions available under Maryland law. Under the Maryland exemptions, a debtor is permitted to exempt up to $5,500 of cash and other property. MD. CODE ANN., CTS & JUD. PROC. § 11–504(b)(5) & § 11–504(f) (Supp.1999). This is generally referred to as the "cafeteria" exemption enabling debtors to stack exemptions. *In re Smoot,* 237 B.R. 875, 877 (Bankr.D.Md.

1999).[2] In this case, plaintiff claims an exemption for $2075.26 under § 11–504(b)(5) of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland. The defendant (creditor) asserts an exemption is not available pursuant to § 11–504(e).[3]

Section 522(g) permits the debtor to exempt property that the Trustee can recover under its avoiding powers of the Code. If the trustee does not pursue an avoiding power to recover a transfer of property, the debtor may pursue it in some circumstances.[4] See *In re Humphrey*, 165 B.R. 578 (Bankr.D.Md.1993). This right is given to the debtor pursuant to subsections (g) and (h) of 11 U.S.C. § 522, which provide:

(g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if— (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and (B) the debtor did not conceal such property; or (2) the debtor could have avoided such transfer under subsection (f)(2) of this section.

(h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if— (1) such transfer is avoidable by the trustee under section 544, 545, 547, 548,

549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and (2) the trustee does not attempt to avoid such transfer.

11 U.S.C. § 522(g), (h).

In this case, there is no question that the garnishment of wages was involuntary, nor is there a dispute that the Trustee could avoid the transfer occasioned by the garnishment pursuant to 11 U.S.C. § 547 and § 550. The issue before this court is whether the debtor could exempt the wages garnished by the Defendant pursuant to 11 U.S.C. § 522(g).

As a means of satisfying a judgment debt, Maryland allows a judgment creditor to garnish an individual's wages. MD. CODE ANN., COM. LAW II §§ 15–601–07 (2000). Once a writ of garnishment is served on a garnishee, the writ constitutes a lien upon the individual's wages until satisfied. MD. CODE ANN., COM. LAW II § 15–602(a) (2000). Pursuant to § 15–601.1(b)(1)(i), 75% of an individual's wages are exempt from garnishment and thus the remaining 25% is subject to attachment. The $2075.26 at issue in this adversary proceeding is the 25% which was paid over to the judgment creditor (defendant herein).

Defendant contends that "the words in a statute are to be given their ordinary and popularly understood meaning" and therefore, Plaintiff is not entitled to exempt wage garnishments in contravention of section 11–504(e). Moreover, there are no exemptions under § 11–504 which Plaintiff could have utilized for the garnished wages. Defendant further asserts that § 15–601.1(b)(1)(i) provides for exemptions from attachment of wages and thus the

**2.** In addition a debtor may exempt an additional $500.00 in household goods, furnishings and other items held for personal household use. MD. CODE ANN., CTS & JUD. PROC. § 11–504(b)(4).

**3.** 11–504(e) Wage Attachments. The exemptions in this section do not apply to wage attachments.

**4.** The Humphrey test articulates a five part test in order to determine whether a debtor

may avoid a transfer: 1) the debtor could have exempted the property which is the subject of the alleged preference; 2) the transfer would have been avoidable by the trustee under section 547; 3) the trustee has not attempted to avoid the transfer; 4) the transfer was not a voluntary transfer of property by the debtor; and 5) the property was not concealed by the debtor.

Plaintiff has received the benefit of that exemption at the time wages were garnished. In a recent decision, *Bank of America v. Stine,* 252 B.R. 902, 904–05 (D.Md.2000), the United States District Court (Md.), Motz, C.J., held that a debtor could avoid wage garnishments as preferential transfers but that the recovered portion still was subject to the $6000 limit on exemptions imposed by Maryland law[5] upon bankruptcy debtors. *Id.* In order to further the goal of § 11–504, the district court followed the argument advanced by the debtor by interpreting § 11–504(e) not to permanently preclude eligibility for exempting garnished wages, but deter judgment debtors from asserting at the time of attachment an exemption under § 11–504 for the remaining 25% garnished by a judgment creditor. *Id.* This analysis stemmed from the fact that in the absence of § 11–504(e), a debtor could effectively shield from collection the 25% portion of wages to which a creditor is entitled under § 15–601.1, thus nullifying a creditor's remedy. *Id.*

 As in the *Stine* case, in the case at hand, Plaintiff asserted an exemption for the anticipated preference recovery of the garnished wages and seeks by this adversary proceeding to recover that preferential transfer which impaired her exemption rights. As stated in *In re Smoot,* 237 B.R. 875 (Bankr.D.Md.1999), what is being claimed as exempt is not the nonexempt portion of the wage attachment, but the preference proceeds recoverable by the trustee. Further, the recovered portion does not exceed the total allowable exemptions under § 11–504(b)(5) and (f). The total claimed exemptions under these sections are $5433.00 and thus the exemption is within the limits of the law. Under the reasoning set-forth in *In re Stine, id.,* which this court adopts, the Plaintiff is entitled to avoid the preferential transfer

and recover the amount avoided, pursuant to 11 U.S.C. § 550.

■ Lastly, Plaintiff also requests the award of prejudgment interest. The Fourth Circuit has ruled that it is within the discretion of a Bankruptcy Court to award prejudgment interest in preference actions, and that the interest is to be computed from the date of demand for the return of the funds. *In re Cybermech, Inc.,* 13 F.3d 818, 822 (4th Cir.1994). Plaintiff shall be granted judgment for the avoidable transfer in the amount of $2075.00,[6] plus interest from March 15, 2000, the date Plaintiff made its demand on Defendant for return of the preferential transfer.

For the reasons articulated herein, Plaintiff, as a matter of law, is entitled to summary judgment in its favor. Further, the Defendant's objection to exemption is denied. An Order will be entered in conformity with this decision.

---

5. Presumably the court referred to the total of exemptions available under MD. CODE ANN., CTS & JUD. PROC. § 11–504(b)(4) & (5) and (f).

6. Although Plaintiff asserts $2,075.26 should be recovered as the amount garnished, only

$2,075.00 was exempted on debtor's Schedule C. As only the amount of the impaired exemption may be recovered, the judgment shall be for $2,075.00.