**In re Eloise NORCIA.**

**Susquehanna Financial,**

**v.**

**Eloise Norcia.**

**No. CIV.A. DKC 2000–2430.**

United States District Court, D. Maryland.

Nov. 21, 2000.

Jay V. Strong, Jr., Strong Law Firm, Baltimore, MD, for debtor/appellant.

John Lynam Dowling, Law Office, Montgomery, MD, for appellee.

### *MEMORANDUM OPINION*

CHASANOW, District Judge.

This case is before the court on appeal from the order of Bankruptcy Judge Paul Mannes, granting summary judgment in favor of debtor, Eloise Norcia, and denying the summary judgment motion of creditor Susquehanna Financial Group II, LLC ("Susquehanna"). The bankruptcy court held that, under Maryland and federal law, Norcia could recover transferred wages as exempt property, and it entered a money judgment against Susquehanna and in favor of Norcia for $1,308.23. Oral argument is deemed unnecessary because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. *See* Bankr.Rule 8012. For the reasons set forth below the court will AFFIRM the decision of the bankruptcy court.

### I. Background

The facts are undisputed. Susquehanna obtained a money judgment against Norcia on November 5, 1998 in the District Court of Maryland for Prince George's County for $2,249.50. A writ of garnishment was issued on January 20, 1999 and Norcia's employer was served. On July 13, 1999, Norcia filed a voluntary petition under Chapter 13, which was converted to a case under Chapter 7 on November 29. Within the 90–day period preceding Norcia's filing her petition, Norcia's employer transferred a total of $1,308.23 of her wages to Susequahanna, pursuant to the garnishment.

Norcia subsequently filed a complaint to recover that amount.

On July 28, 1999, Norcia claimed these proceeds of the garnishment as exempt on her Schedule C. The parties agree that the bankruptcy trustee could have brought a preference action to avoid transfer of these funds, but failed to do so.

The parties filed in the bankruptcy court cross motions for summary judgment on the issue of whether Md.Code Ann., Cts. & Jud. Proc. § 11–504(e) (1998) precludes a debtor from exempting garnished wages and recovering them in a preference action against the creditor. Judge Mannes held a hearing on the motions on June 26, 2000, and ultimately granted Norcia's motion. The court held that Norcia could recover the wages as exempt property and entered a money judgment in her favor. In his order, dated June 30, 2000, Judge Mannes noted that it was firmly established in bankruptcy jurisprudence in this district that "a debtor may avoid a wage garnishment payment made to a judgment creditor during the 90–day period prior to the filing of a bankruptcy petition . . . ." Paper no. 7, Appellee's exhibit 2.

Susquehanna filed a brief in support of its appeal with this court on August 29, 2000. Norcia filed her reply brief on September 7. Susquehanna submitted an amended brief and a reply brief on September 21. Appellee has also filed with this court a motion to certify to the Court of Appeals of Maryland the issue of whether § 11–504(e) "should be strictly construed to prohibit judgment debtors from continually claiming the full amount of wages as exempt upon each garnishment of wages . . . but should not . . . [be read] to prevent debtors from exempting and recovering wages of at least $600.00 garnished during the 90–day period before filing bankruptcy . . . ." Paper no. 3 at 2. For the reasons that follow, the court will affirm the decision of the bankruptcy court and deny Appellee's motion for certification.

## II. Standard of Review

The district court reviews de novo a bankruptcy court's grant of summary judgement. *Hager v. Gibson,* 109 F.3d 201, 207 (4th Cir.1997) (citing *In re Ballard,* 65 F.3d 367, 370 (4th Cir.1995)); *Nestorio v. Associates Commercial Corp. (In re Fernando Nestorio),* 250 B.R. 50, 54 (D.Md.2000) (citations omitted).

## III. Analysis

Federal bankruptcy law in certain instances allows a debtor to bring an action to avoid transfer of the debtor's property. 11 U.S.C. § 522(h). The criteria for avoidance listed under § 522(h) recently have been called in this district, the "Humphrey's test." *Bank of America, N.A. v. Stine,* 252 B.R. 902, 903 (D.Md. 2000) (Chief Judge J. Frederick Motz)(quoting *In re Humphrey,* 165 B.R. 578 (Bankr.D.Md.1993)). Under the statute and *Humphrey,* to avoid transfer the debtor must show: "(1) the debtor could have exempted the property at issue; (2) the transfer would have been avoidable by the trustee; (3) the trustee has not attempted to avoid the transfer; (4) the transfer was not voluntary; and (5) the debtor did not conceal the property." *Id.*

The issue here involves the first factor. The bankruptcy code provides a list of exemptions available for debtors. The code, however, also allows a state to "opt out" of that list and offer its own exemptions. 11 U.S.C. § 522(b)(1). Maryland is an "opt out" state. Thus, Appellant correctly asserts that this court must look to Maryland law to determine whether Norcia can avoid transfer of the wage garnishments at issue.

Md.Code Ann., Cts. & Jud. Proc. § 11–504 lists exemptions from execution. A Maryland debtor may exempt from execution up to $6,000 of real and personal property. § 11–504(b)(4)–(5), (f). By its own terms the exemptions in that section "do not apply to wage attachments." § 11–504(e). Exemptions from wage attach-

ments are expressly covered by Md.Code Ann., Com. Law II § 15–601.1. Under that section, in most cases, 75 percent of a debtor's wages are immunized from attachment. Thus, a creditor is entitled to reach the other 25 percent.

▮▮▮▮ The gist of Appellant's argument is that since § 11–504(e) states explicitly that the exemptions listed in that section "do not apply to wage attachments," Norcia is "not entitled to exempt the garnished funds under applicable Maryland exemption laws." Paper no. 7 at 3. Appellant argues that such a reading of § 11–504(e) is necessary. It contends that since § 15.601.1 allows for exemption of 75 percent of debtor's wages, if a debtor were allowed to also claim exemption with respect to the other 25 percent of her wages under § 11–504, she essentially could claim exemption for 100 percent of her wages, which would defeat the purpose of the attachment. Other courts have determined, at least to some degree, that § 11–504(e) serves the purpose advanced by Appellant.

> If section 11–504(e) did not exist, a debtor could frustrate one of the purposes of section 15–601.1 by asserting the section 11–504 exemptions each time a wage attachment is served to immunize from collection the 25% portion of the wages to which a creditor is entitled under section 15–601.1.

*Bank of America,* 252 B.R. at 904 (citing *Smoot v. Swann Hill Condominium Unit Owners,* 237 B.R. 875, 880 (Bankr.D.Md. 1999)).

Nevertheless, courts have also recognized that this important state policy consideration must be analyzed in conjunction with federal bankruptcy law. The district court in *Bank of America* interpreted and analyzed § 11–504(e) and in doing so rejected an argument similar to the one advanced by Appellant in this case. Appellant in that case asserted that the plain

language of § 11–504(e) "excepts from the exemptions a debtor can claim monies that have been garnished from him pursuant to a wage attachment." *Id.* at 903. Appellant argued that its position was supported by the state law's statutory scheme. It asserted that Maryland law allows for two independent ways for enforcing the collection of judgments, § 15–601.1, which applies to wage attachments, and § 11–504, which applies to other forms of levying. *Id.* The court noted that while this interpretation was not unreasonable, it had to analyze § 11–504(e) in conjunction with the policies underlying both Maryland law and federal bankruptcy laws.

> Presumably, when enacting sections 11–504 and 15–601.1, the Maryland General Assembly did not intend unnecessarily to undermine a fundamental policy of federal bankruptcy law. Therefore, if section 11–504 can be read in a manner that reconciles both federal and state interests, it is that reading that must govern.

*Id.* at 904.

The court held that to protect the interests of both federal and state law, § 11–504(e) should be read to preclude a debtor from asserting an exemption of wages garnished at the time of attachment but should not be read so that a debtor in bankruptcy may never be able to exempt garnished wages as cash or personal property. *Id.* Such a reading promotes federal law because it does not insulate "from avoidance preferential wage attachments to the detriment of the bankruptcy estate and the debtor's other creditors," *id.,* and state law because it gives effect to the plain meaning of §§ 15–601.1 (applying to wage attachments) and 11–504 (applying to other forms of levying). This court agrees with the reasoning in *Bank of America.*[1] Section 11–504(e) protects creditors who have "properly garnished wages under section 15–601.1 against a debtor's misuse of

---

1. The parties in *Bank of America* have appealed that decision. Thus, the U.S. Court of Appeals for the Fourth Circuit will likely decide whether the reasoning in that case,

which this court adopts for the reasons cited above, will stand. In that vein, if, as Appellees suggest, the Court of Appeals of Maryland should be allowed to interpret § 11–504(e) as

11–504 exemptions." *Id.* However, once a debtor files for bankruptcy, § 11–504(e) cannot be used "to frustrate the policy of federal bankruptcy law of avoiding preferential transfers." *Id.*

Norcia's Schedule C shows that she took advantage of the $6,000 exemption limit allowable for real and personal property under § 11–504(b)(4)-(5), (f). Included in that figure was the $1,308.23 in wage attachments, for which she claimed an exemption pursuant to § 11–504(f). Once she filed for bankruptcy, she had a right to avoid this preferential transfer. To hold otherwise would place Susquehanna in a position superior to Norcia's other creditors. Thus, the decision of the bankruptcy court granting summary judgment in favor of Norcia and allowing her to avoid transfer of the $1,308.23 wage attachment is affirmed.

## IV. Conclusion

For the foregoing reasons, the court shall AFFIRM the Order of the bankruptcy court and DENY Appellee's Motion for Certification of State Law Issue to the Court of Appeals of Maryland.

it relates to federal bankruptcy law, this court believes that it would be best to allow the Fourth Circuit to make that determination. Consequently, the court denies Appellee's Motion for Certification of State Law Issue to the Court of Appeals of Maryland.